OREGON BRASS WORKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10949. Promulgated November 10, 1930.

*Robert T. Jacob, Esq.,* for the petitioner.
*R. W. Wilson, Esq.,* for the respondent.

## OPINION.

ARUNDELL: We assume that the stipulation of the parties quoted at the conclusion of our findings of fact means that the parties are in agreement that the invested capital determinable from available data is $128,759.42, and, if the tax be computed under section 301 of the statute, that sum would be the amount to be used. The petitioner contends, however, and we agree with it, that the invested capital can not be determined in the manner provided by section 326 of the 1918 Act and that sections 327 and 328 must be invoked to reach petitioner's correct tax liability as provided by law.

At the time of the organization of petitioner all of its capital stock was issued to the members of the partnership of Prier Brothers in exchange for the assets of the partnership. Petitioner's books of account and other records were destroyed by fire in 1913, and as there are no records showing the assets paid in for stock, it is impossible to determine the value of such property for invested capital purposes. The new books, opened as of December 31, 1912, do not disclose the basis for the opening entries, and the evidence is that they are not accurate and no information is available from which petitioner's invested capital may be determined. Petitioner's high profits were very largely due to the use of formulae which enabled it to turn out a product more accurate and perfect than its competitors. The formulae were developed prior to and after 1913 by the expenditure of substantial sums, all of which were charged to expense, and, due to the destruction of records, such amounts may not now be segregated and capitalized. Petitioner is entitled to have its profits taxes determined under the provisions of section 328.

*Further proceedings will be had under Rule 62(c).*